IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ERLIN JOSUE GALO-BARIENTOS,     )
         )
     Petitioner,     )
         )
     v.     )
         )     1:25-cv-02379 (AJT/WEF)
JOSEPH SIMON, *et al.*,     )
         )
     Respondents.     )

<u>ORDER</u>

Before the Court is Erlin Josue Galo-Barientos' Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on December 17, 2025. By order dated December 19, 2025, the Court ordered the Government to respond to the Petition within three days of being served, [Doc. No. 3] and on December 23, 2025, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4]. Accordingly, the Court incorporates the filings in *Hernandez* into the record of this habeas action.

Petitioner is a native and citizen of Honduras, who entered the United States without inspection on or about December 12, 2017. [Doc. No. 1] ¶¶ 19, 46-49. On or about December 8, 2025, Petitioner was arrested and ultimately taken to the Farmville Detention Center, where he remains in detention. *Id.* ¶¶ 1, 47. Petitioner has not been provided a bond hearing. *Id.* ¶ 9.

It appearing to the Court that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court

cited therein, the Court incorporates the filings in *Hernandez* into the record of this habeas action. For the reasons stated in *Hernandez*, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are **ENJOINED** from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
December 29, 2025

Anthony J. Trenga
Senior United States District Judge

2